**SHEEHAN & ASSOCIATES, P.C.**
Spencer Sheehan
505 Northern Blvd., Suite 311
Great Neck, NY 11021
Telephone: (516) 303-0552
Facsimile: (516) 234-7800
*spencer@spencersheehan.com*

   *-and-*

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk (*PHV* to file)
1307 Chalkstone Ave.
Providence, RI 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
pnwlaw@aol.com

United States District Court
Eastern District of New York                                              1:19-cv-06596

| | |
|---|---|
| Nora Chau, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>       - against -<br><br>Trader Joe's East Inc.,<br><br>                              Defendant | Complaint |

   Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

   1.   Trader Joe's East Inc. ("defendant") manufactures, distributes, markets, labels and sells instant oatmeal containing oats and flax, under their Trader Joe's brand ("Products").

   2.   The Products are available to consumers from defendant's retail stores and defendant's website and are sold in boxes containing 8 packets of 40g (320g).

   3.   The relevant front labels representations include "Instant Oatmeal," "Oats & Flax,"

1

"Low Fat," "Low Sodium," "Whole Grain," "Heart Healthy," "USDA Organic" and "Organic" and include a hot, heaping spoonful of the Product.



4. The Product's ingredient list on the back of the package states:

**INGREDIENTS:** ORGANIC ROLLED OATS, ORGANIC DEHYDRATED CANE JUICE SOLIDS, ORGANIC FLAXSEED, SEA SALT.

I. Product is Misleading because Sugar is Disguised as "Organic Dehydrated Cane Juice Solids"

5. Consumers expect a product's ingredients to be declared by their common or usual

2

name.

6. Plaintiff and consumers are paying more attention to the ingredients in the foods they eat and are shunning excess sugars due to their association with and contribution to ailments and conditions like coronary heart disease, obesity and diabetes.

7. Where an ingredient contains the term "juice," consumers expect that ingredient to be derived from a consumable fruit or vegetable.

8. In fact, "juice" is defined as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree."[1]

9. "Juice solids" is a term associated with the processing of fruit juice such as oranges and apples.

10. Sometimes referred to as "soluble juice solids" or "soluble solids," this term is used to measure the quality of a juice and refers to a "valuable constituent" of a juice, i.e., "orange juice solids."[2]

11. However, in the context of the Product's "Organic Dehydrated Cane Juice Solids," the "juice solids" do not refer to an ingredient that reasonable consumers find "valuable" or that they seek *more* of.

12. The opposite is true, because "dehydrated cane juice" – whether followed by "solids" or not – is another name for sugar.

13. The FDA previously concluded that where an ingredient was described as "[evaporated] cane juice," consumers may be misled because "cane juice" refers to a sweetener.

---

[1] 21 C.F.R. § 120.1(a).
[2] FDA Warning Letter to Penguin Juice Company, Inc., 2010-DT-18, Sept. 8, 2010 ("Your [juice] products are adulterated within the meaning of section 402(b)(1) of the Act [21 U.S.C. 342(b)(1)] because a valuable constituent, namely juice solids, has been in part omitted or abstracted from these products.").

3

14. "Evaporated cane juice," according to the FDA, "suggest[s] that the ingredients are made from or contain fruit or vegetable "juice" as defined in 21 CFR 120.1."[3]

15. The replacement of "dehydrated" for "evaporated" fails to modify or clarify what this ingredient is: sugar.

16. Consumers are accustomed to reviewing an ingredient list and seeing "common or usual names" such as milk, butter, chocolate, cinnamon and are familiar with the nutritional and sensory properties of these ingredients, in contrast to "dehydrated cane juice solids" – the only part of this ingredient that would be understood is "juice," a source of valuable nutrients and minerals, when it is actually mere sugar.

17. By identifying sugar by a term which fails to describe the basic function and qualities of that ingredient, consumers are deceived into purchasing a product with added sugar as its second most predominant ingredient.

18. Given that the Product is marketed as a basic oatmeal and flax, an intentionally semi-vintage coloring pattern, images of a worker dressed in late 19th century garb and the claims – "Low Fat," "Low Sodium," "Whole Grain," "Heart Healthy" – it is not conceivable that such a food will contain more sugar than flax.

19. Further, the front label claims – "Low Fat," "Low Sodium," "Whole Grain," "Heart Healthy" – are all nutritional and health qualities and characteristics that are inconsistent with the consumption of excess, added sugar with one's breakfast.

20. Given the austere packaging of the Product and the nutrient and health claims, consumers will not expect that "dehydrated cane juice solids" is another word for sugar.

21. The results is that consumers get the impression that the Products are a better

---

[3] FDA Guidance, Ingredients Declared as Evaporated Cane Juice (May 2016)

nutritional choice than other comparable products which truthfully and non-deceptively identify sugar as their second most predominant ingredient.

22. The Product's deceptive labeling is especially egregious because defendant is a grocery store with a reputation for selling health food products of high nutritional quality.

23. The misleading terms used on the Products have a material bearing on price or consumer acceptance of the Products because they will pay more for products with the positive qualities associated with (1) actual fruit juice, including naturally occurring vitamins and minerals and (2) less sugar.

II. Conclusion

24. The Product's representations – containing a lesser amount or lower quantity of an ingredient consumers want less of, sugar – has a material bearing on price or consumer acceptance of the Products because foods with less sugar are accepted and known to be more compatible with a healthy diet and lifestyle and the avoidance of ailments such as diabetes and overweight.

25. The Products are misleading because they actually contain a greater amount or quantity of the less desired ingredient, sugar.

26. Had plaintiff and class members known the truth about the Products, they would not have bought the Product or would have paid less for it.

27. The Product contains other representations which are misleading and deceptive.

28. As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $3.59 per eight packets, excluding tax – compared to other similar products represented in a non-misleading way.

Jurisdiction and Venue

29. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

30. Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

31. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

32. This is a reasonable assumption because defendant's Product is sold in thousands of stores across all 50 states.

33. Plaintiff Nora Chau is a citizen of New York.

34. Defendant Trader Joe's East Inc. is a Massachusetts corporation with a principal place of business in Monrovia, Los Angeles County, California.

35. This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

36. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

37. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Parties

38. Plaintiff Nora Chau is a citizen of Queens County, New York.

39. Defendant is a Massachusetts corporation with a principal place of business in Monrovia, Los Angeles County, California.

40. During the class period, plaintiff purchased one or more of the Products identified herein, in his district and/or state, for personal use, consumption or application based on the above

representations, for no less than the price indicated, *supra*, excluding tax,

41. Plaintiff would consider purchasing the Product again if there were assurances that the Products' representations were no longer misleading.

## Class Allegations

42. The classes will consist of all consumers in all 50 states with sub-classes for the individual states and nationwide classes.

43. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

44. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same representations.

45. Plaintiffs is adequate representative because his or her interests do not conflict with other members.

46. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

47. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

48. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

49. Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350
## and Consumer Protection Statutes of Other States and Territories

50. Plaintiff asserts causes of action under the consumer protection statutes of New York, General Business Law ("GBL") §§ 349 & 350.

51. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

52. Plaintiff and class members desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

53. Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

54. Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Products contain a lesser amount or quantity of the disguised ingredient, sugar.

## Negligent Misrepresentation

55. Plaintiff incorporates by reference all preceding paragraphs.

56. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products through misrepresenting the amount, quantity and/or proportion of the sugar ingredient.

57. Defendant had a duty to disclose and/or provide non-deceptive labeling of the Product and its components and ingredients, and knew or should have known same were false or misleading.

58. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

59. The representations took advantage of consumers' (1) cognitive shortcuts made at the point-of-sale and (2) trust placed in defendant, a well-known and respected brand in this sector.

60. Plaintiff and class members reasonably and justifiably relied on these negligent

misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

61. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.

62. Plaintiff incorporates by reference all preceding paragraphs.

63. Defendant manufactures and sells products which purport to contain a lesser amount or quantity of the disguised ingredient, sugar, which is desired by consumers.

64. The Products warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not due to the presence or absence of the aforementioned ingredient.

65. Defendant had a duty to disclose and/or provide a non-deceptive description and identification of the Product and its ingredients.

66. This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

67. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

68. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

69. Plaintiff and class members relied on defendant's claims, paying more than they would have.

Fraud

70. Plaintiff incorporates by references all preceding paragraphs.

71. Defendant's purpose was to sell a product which purported to not contain, or contain less of, ingredients which consumers seek to avoid or limit.

72. Defendant's fraudulent intent is evinced by its failure to accurately indicate the Products contained more of the non-desired ingredient.

73. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

## Unjust Enrichment

74. Plaintiff incorporates by reference all preceding paragraphs.

75. Defendant obtained benefits and monies because the Product were not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove and/or refrain from the challenged representations, restitution and disgorgement for members of the State Subclasses pursuant to the consumer protection laws of their States;

4. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and consumer protection law claims, and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and

experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   November 21, 2019

>                    Respectfully submitted,
>
>                    Sheehan & Associates, P.C.
>                    /s/Spencer Sheehan
>                    Spencer Sheehan
>                    505 Northern Blvd., Suite 311
>                    Great Neck, NY 11021
>                    Telephone: (516) 303-0552
>                    Facsimile: (516) 234-7800
>                    *spencer@spencersheehan.com*
>                    E.D.N.Y. # SS-8533
>                    S.D.N.Y. # SS-2056
>
>                            -and-
>
>                    Law Offices of Peter N. Wasylyk
>                    Peter N. Wasylyk (*PHV to file*)
>                    1307 Chalkstone Ave.
>                    Providence, RI 02908
>                    Telephone: (401) 831-7730
>                    Facsimile: (401) 861-6064
>                    *pnwlaw@aol.com*

1:19-cv-06596
United States District Court
Eastern District of New York

Nora Chau, individually and on behalf of all others similarly situated,

>Plaintiff

- against -

Trader Joe's East Inc.,

>Defendant

## Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0552
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: November 21, 2019

/s/ Spencer Sheehan
Spencer Sheehan